IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS ULISSES PORTILLO-CANDIDO, | § § § | |
| Petitioner, | § § | |
| | § | Civil Action No. H-05-1798 |
| v. | § § | Criminal Action No. H-03-44 (01) |
| UNITED STATES OF AMERICA, | § § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 34) filed by Douglas Ulisses Portillo-Candido. Having considered the motion, submissions, and applicable law, the Court determines Douglas Ulisses Portillo-Candido's motion should be denied.

## BACKGROUND

On February 12, 2003, Defendant Douglas Ulisses Portillo-Candido ("Portillo-Candido") was indicted for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). On April 29, 2003, Portillo-Candido appeared with counsel and entered a plea of guilty with no plea agreement. On July 23, 2003, the Court sentenced Portillo-Candido to 69 months confinement, to be followed by a three-year term of

supervised release. The Court increased Portillo-Candido's guideline range 16 levels pursuant to the United States Sentencing Guidelines ("Sentencing Guidelines") § 2L1.2(b)(1)(A)(ii) because Portillo-Candido had been deported following a 1994 Texas conviction for a crime of violence, namely burglary of a habitation with intent to commit theft.

Portillo-Candido appealed the sentence and the United States Court of Appeals for the Fifth Circuit affirmed the judgment of this Court. On October 29, 2004, the United States Supreme Court denied Portillo-Candido's petition for a writ of certiorari. On May 19, 2005, Portillo-Candido filed the instant motion.

In his § 2255 motion, Portillo-Candido alleges two grounds for relief. Portillo-Candido first claims ineffective assistance of counsel, alleging his attorney failed to make an investigation into the 16-level enhancement based on his 1994 Texas conviction. Portillo-Candido next argues the Court improperly increased his sentence based on the 1994 Texas conviction because he alleges burglary of a habitation is not a crime of violence.

## STANDARD OF REVIEW

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct a sentence including: (1) constitutional challenges, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a

sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 (2000); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). A motion to vacate, set aside or correct a sentence under § 2255 "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

To be successful in a § 2255 motion, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id*. at 166. This higher standard is based on the presumption the defendant was fairly convicted after the chance to appeal has been exhausted. *Id*. at 164; *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "[T]he presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment." *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

## LAW & ANALYSIS

**Burglary of a Habitation as a Crime of Violence**

Portillo-Candido alleges the Court committed error in enhancing his sentence based on illegal re-entry after deportation following a crime of violence, namely burglary of a habitation with intent to commit theft. Portillo-Candido also alleges ineffective assistance of counsel because his attorney did not investigate his sentence

enhancement for a violent crime. The Sentencing Guidelines provide for a 16-level increase in a base level offense if the defendant was previously deported after a conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(A)(ii). An aggravated felony is "any crime of violence for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least five years." 18 U.S.C. § 16 (2000). A conviction qualifies as a crime of violence in one of two ways. It qualifies if either the conviction is an offense listed as a crime of violence under the Sentencing Guidelines, or the conviction "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). Burglary of a dwelling is listed as a crime of violence in the definitions that accompany the Sentencing Guidelines. *Id*.

The success of both Portillo-Candido's arguments turns on whether the definition of the Texas state crime of burglary of a habitation is construed the same way as burglary of a dwelling or is otherwise interpreted as a crime of violence for purposes of the Sentencing Guidelines. Therefore, the Court will address this threshold issue before analyzing Portillo-Candido's substantive claims.

At sentencing, Portillo-Candido received a 16-level enhancement to his guideline range because he had been previously deported following a crime of violence, namely a conviction for burglary of a habitation under the Texas Penal Code. The Texas Penal

Code defines habitation as:

> 1) "Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, and includes:
>
> (A) each separately secured or occupied portion of the structure or vehicle; and
>
> (B) each structure appurtenant to or connected with the structure or vehicle.

TEX. PENAL CODE § 30.01(1) (Vernon 2003). The Fifth Circuit has held that burglary of a habitation, as defined by the Texas Penal Code, is a crime of violence within the career offender provisions of the Sentencing Guidelines. *See United States v. Cruz*, 882 F.2d 922 (5th Cir. 1989) (holding that burglary of a habitation is a "crime of violence" within the meaning of sentence enhancement for career offenders); *United States v. Flores*, 875 F.2d 1110 (5th Cir. 1989) (holding that burglaries of residences constituted "crimes of violence"). Moreover, the Fifth Circuit recognizes that burglary of a habitation in violation of the Texas Penal Code constitutes a "crime of violence" under the immigration provisions of the Sentencing Guidelines. *See United States v. Guadardo*, 40 F.3d 102, 104 (5th Cir. 1994) (holding burglary of a habitation is a "crime of violence" within the meaning of sentence enhancement for illegal presence in the United States after deportation).[1] "[B]urglary of a habitation under the Texas

---

[1] "At the time of sentencing in *Cruz* and *Flores*, U.S.S.G. § 4B1.2 stated that the term 'crime of violence' as used in this provision is defined under 18 U.S.C. § 16. Likewise, the term 'crime of violence' as used in U.S.S.G. § 2L1.1 is defined

Penal Code is always a crime of violence . . . , thus obviating the need for a district court to consider the factual context of such a conviction." *Id*. Thus, the Court determines that the law in this circuit is well established and holds that a Texas crime of burglary of a habitation is a crime of violence.

In his § 2255 motion, Portillo-Candido relies heavily on the unpublished Fifth Circuit opinion in *United States v. Rodriguez*, 93 F. App'x 663 (5th Cir. 2004). In *Rodriguez,* the Fifth Circuit held that a district court improperly used a defendant's two prior New Jersey burglary convictions to enhance his federal sentence for illegal re-entry. *Id*. at 664-65. The Fifth Circuit, in analyzing the two underlying New Jersey state burglary convictions, determined the district court should not have enhanced the sentence because it was unclear whether either of the convictions involved "burglary of a dwelling." *Id.* The record for one of the convictions did not indicate whether or not a dwelling was involved. The other burglary conviction resulted from Rodriguez's unlawful entry into a structure with the intent to commit an offense therein. *Id.* at 665. The definition of "structure" under New Jersey law includes "*any* building, room, ship, vessel, car, vehicle or airplane, and also means any place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person

---

under 18 U.S.C. § 16." *Guadardo*, 40 F.3d at 104.

is actually present. N.J. STAT. ANN. § 2C:18-1 (1997). Thus, the language in the New Jersey statute encompasses a broader range of conduct than the Sentencing Guidelines definition of burglary of a dwelling. *Compare* N.J. STAT. ANN. § 2C:18-1 *with* U.S.S.G. 2L1.2. Accordingly, the court determined Rodriguez's New Jersey convictions could not, based on the record, be considered crimes of violence for enhancement purposes. *Rodriguez,* 93 F. App'x at 665.

Portillo-Candido relies on *Rodriguez* to supports his position that his conviction was improperly deemed a crime of violence. Specifically, Portillo-Candido provides:

> The defendant (sic) receive an enhancement for prior offense of burglary to habitation of 16 levels because according to the probation officer in the P.S.I. was a crime of violence, but in a decision from the Court of Appeals in [*Rodriguez*] said that burglary to a dwelling is not a crime of violence. The patitioner (sic) review the word dwelling in the black law dictionary and the definition is the same as a habitation. . . .

Portillo-Candido, ostensibly misreading *Rodriguez,* appears to aver that *Rodriguez* holds that burglary of a dwelling is not a crime of violence. Thus, he compares "dwelling" to "habitation" in Black's Law Dictionary, which similarly defines both terms, and reaches the conclusion that his conviction for burglary of a habitation under Texas law should be interpreted the same way as burglary of a dwelling, which he argues is not a crime of violence. Indeed, the Black's Law Dictionary definitions clearly show "dwelling" and "habitation" are synonyms and both

7

describe a place used as a residence.[2] However, Portillo-Candido's argument fails because *Rodriguez* does not hold that burglary of a dwelling is not a crime of violence. As discussed above, the Fifth Circuit merely held that it was unable to determine that either of the Defendant's burglary convictions involved burglary of a dwelling. *See Rodriguez,* 93 F. App'x at 665. Accordingly, Portillo-Candido's reliance on *Rodriguez* is misplaced in the instant context.

In sum, the Fifth Circuit has held that the Texas crime of burglary of a habitation qualifies as a crime of violence under the Sentencing Guidelines. Further, *Rodriguez* is distinguishable from the case at bar. Therefore, Portillo-Candido's argument that the Court improperly determined that burglary of a habitation is a "crime of violence" under the Sentencing Guidelines fails.

A.  *Misapplication of the Guidelines Argument*

Based on his argument that burglary of a habitation is not a crime of violence, Portillo-Candido alleges he received an improper enhancement of his guideline range. The Court will uphold a sentence under the guidelines unless it violates the law, is

---

[2]Black's Law Dictionary defines a dwelling as "[t]he house or other structure in which a person or persons live; a residence; abode; habitation; the apartment or building, or group of buildings, occupied by a family as a place of residence. Structure used as place of habitation." Black's Law Dictionary 454 (5th ed. 1979). Habitation is defined as a "place of abode; dwelling place; residence." Black's Law Dictionary 640 (5th ed. 1979).

incorrectly applied, or is an unreasonable departure from the guideline range. *United States v. Anderson*, 5 F.3d 795, 798 (5th Cir. 1993). Portillo-Candido received a base offense level of 8 for illegal re-entry after deportation. He then received a 16-level enhancement because he was previously deported following a conviction for a crime of violence, namely burglary of a habitation with intent to commit theft. Because the Court properly determined burglary of a habitation is a crime of violence, the 16-level enhancement did not violate the law, result in an improper application of the guideline range, or result in an unreasonable departure from the guideline range. Therefore, Portillo-Candido did not receive an improper enhancement of his guideline range.

B.  *Ineffective Assistance of Counsel Claim*

Like his argument that the Court misapplied the Sentencing Guidelines, Portillo-Candido's ineffective assistance of counsel argument is predicated upon his argument that burglary of a habitation is not a crime of violence. The right to counsel means the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). Ineffective assistance of counsel claims are not typically resolved on direct appeal because such claims raise an issue of constitutional magnitude. *United States v. Pierce*, 959 F.3d 1297, 1301 (5th Cir. 1992). "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The defendant must overcome the presumption that counsel's actions were effective. *See Michel v. Louisiana*, 350 U.S.

9

91, 101 (1955); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996). A judge does not evaluate effectiveness based on hindsight, but instead evaluates the conduct from counsel's perspective. *Strickland*, 466 U.S. at 669. There is no one way to provide effective assistance in each case. *Id*. at 689.

Courts analyze an ineffective assistance of counsel claim in a § 2255 motion under the *Strickland* test. *Strickland*, 466 U.S. at 687-88; *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). Under the *Strickland* test, the defendant "must show that his counsel's performance was both deficient and prejudicial." *Willis*, 273 F.3d at 598. To show deficiency, the defendant must prove counsel's performance was objectively unreasonable. *Strickland*, 466 U.S. at 688; *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). To demonstrate prejudice, the defendant must also show the deficient performance led to an unfair and unreliable sentence. *United States v. Dovilina*, 262 F.3d 472, 474-75 (5th Cir. 2001). A court need not address both prongs of the *Strickland* test if the defendant makes an insufficient showing on either one. *Carter v. Johnson*, 131 F.3d 452, 263 (5th Cir. 1997).

The standard for effective assistance is reasonable conduct under prevailing professional norms. *Strickland*, 466 U.S. at 669. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id*. at 691. "A defendant who alleges a failure to

10

investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

Here, as previously discussed, burglary of a habitation constitutes a crime of violence. Thus, any attempt to raise the issue at sentencing would have been futile. Counsel is not required to make futile claims or objections. *See Carter*, 131 F.3d at 464 (1997). Further, unsubstantiated allegations will not surmount the presumption counsel performed adequately. Therefore, with nothing more than unsubstantiated allegations that counsel acted deficiently, Portillo-Candido fails to establish his counsel acted deficiently by not investigating whether burglary of a habitation was a crime of violence. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001).

Although the Court finds no deficiency in Counsel's performance, the Court will examine the second prong of the *Strickland* test. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005). The defendant must affirmatively prove prejudice; a mere possibility is not enough to satisfy petitioner's burden. *Kunkle v. Dretke*, 352 F.3d 980, 991 (5th Cir. 2003). Portillo-Candido fails to demonstrate deficiency of counsel or prejudice, and therefore cannot satisfy either of the two prongs of the *Strickland* test.

## CONCLUSION

Portillo-Candido's claim that the Court improperly enhanced his guideline contradicts Fifth Circuit precedent, which recognizes burglary of a habitation is a crime of violence. Portillo-Candido also fails to show deficiency of counsel. Given the foregoing, the Court hereby

ORDERS that Douglas Ulisses Portillo-Candido's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 34) is DENIED.

SIGNED at Houston, Texas, on this 30th day of November, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge